STATE OF NORTH CAROLINA v. RODNEY L. LITTLE

No. 8118SC1097

(Filed 20 April 1982)

1. **Constitutional Law § 46; Criminal Law § 91.4— denial of motion for continuance — withdrawal of counsel**

    The trial judge did not err in denying defendant's motion for a continuance in order to allow privately retained counsel time to prepare his case for trial, where (1) defendant's court-appointed attorney noted a disagreement over trial tactics, (2) defendant's mother had been in contact with a privately retained attorney "for two or three weeks," and (3) where defendant was represented ably by the public defender in his first trial, and the public defender stood by to represent him at his retrial.

2. **Criminal Law § 34.4— denial of motion to delete portion of confession proper**

    The trial court did not err in denying defendant's motion to delete a portion of his confession in which he said, "I ran down the steps and ran to the probation office," since it tended to show his departure from the victim's apartment, which was a relevant fact, and its sole relevancy was not to show evidence of an independent crime.

3. **Criminal Law § 113.9— error in charge — curative instruction**

    Where challenged remarks in the trial court's instructions were brought to the trial judge's attention prior to the jury's deliberation, and a curative instruction was given, it is assumed that the jurors understood and complied with such an instruction.

APPEAL by defendant from *Rousseau, Judge*. Judgments entered 5 June 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 March 1982.

Defendant was indicted for breaking or entering and assault with intent to commit rape. This is defendant's second trial upon these indictments. He was awarded a new trial by this Court in *State v. Little*, 51 N.C. App. 64, 275 S.E. 2d 249 (1981). Defendant again was convicted of both offenses and appeals from judgments of imprisonment.

---

---

*Attorney General Edmisten, by Assistant Attorney General Lemuel W. Hinton, for the State.*

*Assistant Public Defender S. Kent Smith for defendant-appellant.*

HILL, Judge.

The State's evidence tends to show that on 21 November 1971, Gail Cotter Murphy lived in an apartment which constituted the second floor of a two-story brick house owned by Greensboro College. Miss Murphy rose late that morning and went to work as the college's assistant director of admissions without eating breakfast or showering. She returned to her apartment at approximately 12:30 p.m. to shower and eat lunch. After her shower, Miss Murphy, dressed only in a towel, saw a black male standing on the roof of the house looking inside. Miss Murphy next saw the black male, whom she identified as defendant, inside her apartment. She said, "Who are you, what do you want?" Defendant replied, "I'm looking for a book store." Miss Murphy directed defendant to the college library, and he left through the back door. As she went to put on her bathrobe, Miss Murphy testified, "I ran into this young black man with the butcher knife in his hand raised." Defendant told her, "I'll hurt you, shut up. Get those glasses off. Get back to that bed." Defendant then began pulling on Miss Murphy's towel and eventually pushed her onto a love seat in the bedroom. Miss Murphy screamed "bloody murder", and defendant jumped back, dropped the knife, and ran out of the apartment. Defendant offered no evidence.

[1] In defendant's first assignment of error, he argues that the trial judge erred in denying his motion for a continuance in order to allow the counsel of his choice to prepare his defense. On 3 June 1981, defendant's case was called for trial. The public defender, then representing defendant, informed the trial judge that defendant's mother had indicated a desire to retain private counsel. In fact, on that date, another attorney was retained to represent defendant. The record indicates that defendant's mother had been in contact with the privately retained attorney "for two or three weeks," and that the Commission on Racial Justice paid a part of the retainer fee.

The public defender moved to withdraw from the case say-
ing, "There has been some friction in this case between myself
and [defendant] all along in terms of trial tactics, . . . I think they
would be much happier with [the privately retained counsel]." The
privately retained counsel moved for a continuance to prepare the
case for trial. However, the trial judge stated the following:

Now, I'm not going to continue this case for you to go out
and employ a lawyer. The case is set for trial the first thing
in the morning. . . .

.   .   .   .

. . . You have known over two months that you had a new
trial, that you were entitled to a new trial, and I'm not going
to delay the trial of the case for you to go out and employ a
lawyer. Now, you can either have [the public defender] con-
tinue to represent you or if you don't want [the public
defender], I will let him withdraw and I will let [the privately
retained counsel] represent you and we will try it tomorrow
or either you can be tried without a lawyer.

Defendant indicated that he had rather represent himself, but he
advised the judge on the following morning that he had elected to
proceed with the public defender.

The rule is firmly established that a motion to continue or-
dinarily is addressed to the sound discretion of the trial judge,
and his ruling thereon is not subject to appellate review unless it
is shown that the judge abused that discretion. "But when the
motion is based on a right guaranteed by the Federal and State
Constitutions, the question presented is one of law and not of
discretion, and the decision of the court below is reviewable."
*State v. Smathers*, 287 N.C. 226, 230, 214 S.E. 2d 112, 114-15
(1975).

Justice Ervin, speaking for the court in *State v. Speller*,
230 N.C. 345, 53 S.E. 2d 294, unequivocally declared: "Both
the State and Federal Constitutions secure to every man the
right to be defended in all criminal prosecutions by counsel
whom he selects and retains. N.C. Const., Art. I, sec. 11; U.S.
Const., Amend. XIV." The United States Supreme Court rec-
ognized this constitutional right in *Powell v. Alabama*, 287
U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55, with this language: "It is

hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice."

*State v. McFadden*, 292 N.C. 609, 611, 234 S.E. 2d 742, 744 (1977). Thus, the denial of defendant's motion in this case presents a constitutional question concerning his right to have counsel of his choice.

Our Supreme Court has recognized, however, that the right to be defended by chosen counsel is not absolute. *State v. McFadden, supra.* Quoting from *People v. Brady*, 275 Cal. App. 2d 984, 993, 80 Cal. Rptr. 418, 423 (1969), our Court stated that

. . . [d]ue process is not denied every defendant who is refused the right to defend himself by means of his chosen retained counsel; other factors, including the speedy disposition of criminal charges, demand recognition, particularly where defendant is inexcusably dilatory in securing legal representation. . . .

*State v. McFadden, supra* at 613, 234 S.E. 2d at 745. In the same vein, the Court observed, "[A]n accused may lose his constitutional right to be represented by counsel of his choice when he perverts that right to a weapon for the purpose of obstructing and delaying his trial." *Id.* at 616, 234 S.E. 2d at 747. We note that a disagreement over trial tactics generally does not render the assistance of counsel ineffective so as to compel the *appointment* of new counsel. *State v. Thacker*, 301 N.C. 348, 271 S.E. 2d 252 (1980); *State v. Robinson*, 290 N.C. 56, 224 S.E. 2d 174 (1976).

Defendant *sub judice* was represented ably by the public defender in his first trial, and the public defender stood by to represent him at this trial. The case was certified to the Guilford County Superior Court from this Court two months before the start of this trial. The record shows that defendant's mother had been in contact with the private counsel two or three weeks before she was retained on the day of the trial. Thus, we find that defendant was dilatory in securing the privately retained counsel. Under these circumstances, when balancing defendant's right to have counsel of his choice with the need for speedy disposition of criminal charges and the orderly administration of the judicial process, it is clear that defendant's constitutional rights have not

been denied. Moreover, the only apparent basis for defendant's dissatisfaction with the public defender was a disagreement over trial tactics. We do not find that defendant was prejudiced in any way by beginning the trial as scheduled with the public defender as his counsel, whom the record shows conducted the defense with preparation and skill. This assignment of error is overruled.

[2] Defendant's second argument assigns as error the trial judge's denial of his motion to delete a portion of his confession in which he said, "I ran down the steps and ran to the probation office." Defendant contends that this portion of his confession contains "prejudicial information unrelated to the offenses for which he was charged."

Although evidence of an unrelated crime is not admissible to prove defendant's guilt of the crime for which he is being tried, *State v. Simpson*, 297 N.C. 399, 255 S.E. 2d 147 (1979), "[i]f such evidence tends to prove any other relevant fact, . . . it will not be excluded merely because it also shows defendant to have been guilty of an independent crime." *State v. Cherry*, 298 N.C. 86, 109, 257 S.E. 2d 551, 565 (1979), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2165, 64 L.Ed. 2d 796 (1980). The portion of defendant's confession quoted above tends to show his departure from Miss Murphy's apartment, which is a relevant fact; thus, its sole relevancy is not to show evidence of an independent crime. *See generally State v. Taylor*, 301 N.C. 164, 270 S.E. 2d 409 (1980). This assignment of error is without merit.

[3] In his final argument, defendant contends that the trial judge erred by misstating the evidence in his charge to the jury and by failing to correct the misstatements as defendant requested. Apparently, when the judge reviewed the statements given by defendant to the police, he reversed the order of the content of the first two statements. These misstatements were noted to the trial judge, who stated the following:

> [Counsel for defendant has] called to my attention the fact that when I recapitulated the evidence or the statement that the defendant gave the police officer that I probably had it in reverse order somewhere, but I tell you again, members of the jury, that you take your own recollection of it, not that of mine or that of counsel, and if I misstated some of the evidence, you be sure to be guided solely by your own

recollection of the evidence and not what I have said or what counsel has said. You take it solely and simply from what the witness has said.

It is elementary that

any intimation or expression of opinion by the trial judge at any time during the trial which prejudices the jury against the accused is ground for a new trial. Whether the accused was deprived of a fair trial by the challenged remarks must be determined by what was said and its probable effect upon the jury in light of all attendant circumstances, the burden of showing prejudice being upon the appellant.

*State v. Faircloth*, 297 N.C. 388, 392, 255 S.E. 2d 366, 369 (1979). *See* G.S. 15A-1222 & -1232. However, when the challenged remarks are brought to the trial judge's attention prior to the jurors' deliberations, *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981), and a curative instruction is given, it is assumed that the jurors understood and complied with such an instruction. *State v. Siler*, 292 N.C. 543, 234 S.E. 2d 733 (1977).

In *State v. Brown*, 218 N.C. 415, 422, 11 S.E. 2d 321, 325 (1940),

[t]he court charged the jury: "Gentlemen of the jury, the court may be in error as to [an inadvertence of the trial judge called to his attention by defendant]; you will remember the evidence as to that, you will not take the court's recollection. Counsel may be correct in that, the court is not certain as to that, but you will rely upon your recollection as to what the evidence was as to that." If defendant wanted exactly what was said, he could have requested the court to review the evidence on that aspect. If error, it was harmless and not prejudicial.

In the present case, the misstatements were brought to the trial judge's attention in a timely manner. The judge responded thereto with a curative instruction very similar to that in *Brown*. Based upon *Brown* and the principles noted above, we find no prejudicial error in the trial judge's charge to the jury. *See also State v. Jones, supra.*

For these reasons, in defendant's trial, we find

No error.

Judges WELLS and BECTON concur.