STATE OF NORTH CAROLINA v. LADAVID FOSTER, DEFENDANT

No. 9122SC560

(Filed 3 March 1992)

1. **Criminal Law § 260 (NCI4th) — continuance to retain private counsel — denied — no error**

   The trial court did not err in a robbery prosecution by denying defendant's motion for a continuance to retain private counsel where the record indicates that defendant was indicted on 13 November 1990; his case had been placed on the trial

docket three times before coming on for trial on 11 February 1991; defendant remained in custody during this time and the assistant district attorney assured defendant's counsel that the case would be tried on that date; defendant's counsel learned the day before trial that defendant's father had supposedly retained a private attorney, but neither defendant nor his counsel had been contacted by defendant's father or another attorney; and defendant's appointed counsel appeared for defendant the following day ready to proceed with the trial. The holding in *State v. Little*, 56 N.C. App. 765, establishes that the denial of a motion to continue for the purpose of retaining private counsel presents a constitutional question, but recognizes that the right to be defended by chosen counsel is not absolute.

**Am Jur 2d, Criminal Law § 989.**

**Withdrawal, discharge, or substitution of counsel in criminal case as ground for continuance. 73 ALR3d 725.**

**2. Criminal Law § 133 (NCI4th) — guilty plea — not accepted — dissatisfaction with counsel**

The trial court did not err in a robbery prosecution by refusing to accept defendant's negotiated guilty plea, tendered to the court during presentation of the State's evidence, where the trial judge determined that defendant was not satisfied with his counsel's representation.

**Am Jur 2d, Criminal Law §§ 484, 486.**

**3. Evidence and Witnesses § 1219 (NCI4th) — statement after arrest — voluntariness — findings of judge conclusive**

There was competent evidence in the record to support the trial court's findings in a robbery prosecution that defendant had waived his right to counsel and made his statement freely and voluntarily. Whether a statement is freely and voluntarily made is a question of fact for the trial court and, if the findings made by the trial judge are supported by competent evidence in the record, they are conclusive on appeal.

**Am Jur 2d, Evidence §§ 529, 582, 587.**

4. **Evidence and Witnesses § 728 (NCI4th)— ownership of shotgun — excluded — prejudicial error not shown**

Defendant in a robbery prosecution did not show prejudice from the court's refusal to allow testimony concerning ownership of a shotgun.

**Am Jur 2d, Evidence §§ 278, 288.**

5. **Criminal Law § 1079 (NCI4th)— nonstatutory aggravating factors — supported by facts**

The trial court did not err in a robbery prosecution by finding in aggravation that the offense was committed following flight from a previous offense and that, after completion of the robbery, defendant fired an automatic pistol at individuals trying to apprehend him for the purpose of avoiding apprehension. The trial judge may find any factor in aggravation which is reasonably related to sentencing and supported by the facts.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from *Cornelius (C. Preston), Judge*. Judgment entered 13 February 1991 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 19 February 1992.

Defendant was charged in proper bills of indictment with two counts of robbery with a dangerous weapon in violation of G.S. 14-87. The jury found defendant guilty on both counts, and the court entered a judgment sentencing defendant to fourteen years in prison for the first offense and thirty years in prison for the second offense. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Teresa L. White, for the State.*

*Wilson, Biesecker, Tripp & Sink, by Roger S. Tripp, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends the trial judge erred in denying his motion for a continuance in order for him to retain counsel of his own choosing. Defendant argues the holding of this Court in *State v. Little*, 56 N.C. App. 765, 290 S.E.2d 393 (1982), establishes that the denial of his motion to continue for the purpose of retaining private counsel presents a constitutional question concerning his

right to have counsel of his choice prepare his defense. While defendant is correct with respect to our decision in *Little* for this proposition, his reliance on this case to show the trial judge erred in denying his motion to continue in the present case is misplaced.

Our opinion in *Little* recognizes the right to be defended by chosen counsel is not absolute. *Id.* at 768, 290 S.E.2d at 395; *See also State v. McFadden*, 292 N.C. 609, 234 S.E.2d 742 (1977). In *Little*, we held defendant's constitutional right had not been violated by the trial judge's denial of his motion for a continuance to retain private counsel where defendant's right to have counsel of his choice was balanced with the need for speedy disposition of the criminal charges and the orderly administration of the judicial process. *Id.* at 768, 290 S.E.2d at 395-96.

We find the facts in the case at bar to be similar to those in *Little*. The record in the present case indicates that defendant was indicted on 13 November 1990, and his case had already been placed on the trial docket three times before coming on for trial on 11 February 1991. During this time, defendant remained in custody, and the assistant district attorney had assured defendant's counsel, Mr. Tripp, that the case would be tried on this date. On the day before trial, Mr. Tripp learned that defendant's father had supposedly retained a private attorney for him. However, neither defendant nor Mr. Tripp had been contacted by defendant's father or another attorney. Mr. Tripp appeared for defendant the following day ready to proceed with the trial.

From these facts, we find defendant was not prejudiced in any way by beginning the trial as scheduled with the court appointed attorney as his counsel. Therefore, the trial judge did not err in denying his motion for a continuance. This contention is without merit.

[2] Defendant next contends the trial court erred in refusing to accept his negotiated guilty plea tendered to the court during the presentation of the State's evidence. Defendant argues the trial court erred in not inquiring as to whether the plea was entered voluntarily and understandingly. We disagree.

We note at the outset that there is no absolute right to have a negotiated guilty plea accepted. *State v. Collins*, 300 N.C. 142, 265 S.E.2d 172 (1980). In fact, G.S. 15A-1022(a) prohibits a superior

court judge from accepting a plea of guilty from a defendant without first addressing him personally and:

(1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;

(2) Determining that he understands the nature of the charge;

(3) Informing him that he has a right to plead not guilty;

(4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;

(5) Determining that the defendant, if represented by counsel, is satisfied with his representation; and

(6) Informing him of the maximum possible sentence on the charge, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge.

In the present case, the record indicates that upon defendant's request to change his plea to guilty, the trial judge addressed defendant and inquired as follows:

THE COURT: Have you discussed this case fully with Mr. Tripp and are you satisfied with his legal services?

THE DEFENDANT: No, sir.

THE COURT: Well, you are not satisfied with the way he has represented you?

THE DEFENDANT: No.

Based upon defendant's response to these questions, Judge Cornelius determined that defendant was not satisfied with his counsel's representation and refused to accept defendant's guilty plea. Under these circumstances, where the record affirmatively demonstrates that defendant is not satisfied with his counsel's representation, we hold the trial judge did not err in refusing to accept defendant's plea of guilty.

[3] In his third assignment of error argued on appeal, defendant asserts the trial court erred in admitting into evidence a statement which he made to law enforcement officers on the date of his arrest. Defendant argues the statement was inadmissible because it was made while defendant was in custody and after he had

exercised his constitutional rights to remain silent and to have legal counsel present. We disagree.

In the present case, the trial court held a *voir dire* hearing to determine the admissibility of defendant's statement to Detective Gilley made following his arrest. Both Detective Gilley and defendant testified on *voir dire*, and from their testimony, the judge found that:

> defendant indicated to Officer Gilley that he did not want to make a statement, that he wanted a lawyer present before he talked, that Officer Gilley told him, fine, and was in the process of leaving with the defendant. Within a period of approximately two minutes the defendant asked the officer to tear up the first waiver, that he wanted to talk without an attorney being present, that thereupon the defendant was transported to the Randolph County Police Department in a conference room with Officer Gilley and Officer MacGeavor of the Asheboro Police Department, that he was again advised of his constitutional rights, . . . that the defendant signed the rights form, that thereupon the defendant did make an oral statement to Officer Gilley.

Based upon these findings, Judge Cornelius concluded that:

> none of the constitutional rights, either state or federal of the defendant were violated by his arrest, interrogation or statement, no promises or offer of award or inducement were offered to the defendant to persuade him. That there was no threat or show of violence to commit the defendant to induce the statement, that the statement that the defendant made to Rick Gilley on the 22nd day of August, 1990 was made freely, voluntarily and understandingly and the defendant was in full control of his faculties.

Whether a statement is freely and voluntarily made is a question of fact for the trial court. *State v. Hinson*, 310 N.C. 245, 311 S.E.2d 256, *cert. denied*, 469 U.S. 839, 105 S.Ct. 138 (1984); *State v. Whitley*, 288 N.C. 106, 215 S.E.2d 568 (1975). If the findings of fact made by the trial judge with respect to defendant's statement are supported by competent evidence in the record, they are conclusive on appeal. *State v. Washington*, 102 N.C. App. 535, 402 S.E.2d 851 (1991).

We have reviewed the testimony presented on *voir dire* and hold there was competent evidence in the record to support Judge Cornelius' findings that defendant had waived his right to counsel and made his statement freely and voluntarily to Detective Gilley. Thus, we find no error in his allowing defendant's statement to be admitted into evidence.

[4] Defendant's fourth assignment of error appears in his brief as follows: "The Trial Court erred in refusing to allow defendant to elicit testimony as to ownership of a shotgun which was introduced into evidence by the State." Although defendant's assignment of error concerns his inability to cross-examine Detective Gilley about the owner of the shotgun, defendant's argument relates to the admissibility of the shotgun.

Defendant alleges "the only effect of the evidence of the shotgun presented by the State was to excite prejudice against the defendant" and "[r]efusal to allow defendant to elicit testimony as to ownership of the shotgun prevented defendant from curbing the prejudice incited against him by the State." We note, however, that defendant has raised this issue for the first time on appeal. The record discloses that defendant failed to object when the shotgun was identified and introduced into evidence by the State. Furthermore, defendant failed to properly preserve for appeal the trial judge's refusal to allow testimony of the shotgun owner's identity. The transcript indicates that when defendant asked Detective Gilley if the gun was owned by Mr. Alston, the State objected, the trial court sustained the objection, and defendant asked another question. Defendant has not shown and we are unable to tell from the record if and/or how he was prejudiced by the trial court's refusal to allow testimony concerning the ownership of the shotgun. This assignment of error has no merit. N.C.R. App. 10(b).

[5] Defendant next assigns error to the trial judge's finding aggravating factors in the commission of the second armed robbery and to his sentencing defendant to a prison term greater than the presumptive for this offense.

This Court has previously held that the trial judge may find any factor in aggravation which is reasonably related to sentencing and is supported by the facts. *State v. Setzer*, 61 N.C. App. 500, 301 S.E.2d 107, *disc. review denied*, 308 N.C. 680, 304 S.E.2d 760 (1983). In the present case, evidence was presented to show defendant committed the second armed robbery while fleeing from the

first robbery. Following the second robbery, two witnesses testified they observed defendant fire five shots in their direction as they were attempting to apprehend him. From this evidence, the trial judge found the following nonstatutory aggravating factors applicable to the second armed robbery:

> The offense was committed in this case following flight from having committed a previous offense. After the completion of the robbery the defendant did fire an automatic pistol after the robbery having been completed; this was fired in the direction of individuals who were trying to apprehend him and was for the purpose of avoiding apprehension.

We find the aggravating factors found by the trial judge to have been amply supported by the evidence presented and reasonably related to the purposes of sentencing. This assignment of error is overruled.

Finally, defendant contends the trial court erred in failing to find as a mitigating factor in sentencing defendant that he did not have a prior criminal record. This contention is without merit, however, because the record clearly indicates that Judge Cornelius did specifically find that "The defendant has no record of criminal convictions."

Defendant received a fair trial, free from prejudicial error.

No error.

Judges ORR and WALKER concur.