NO. COA13-1077

NORTH CAROLINA COURT OF APPEALS

Filed:  3 June 2014

STATE OF NORTH CAROLINA

　　v.                          Wilson County
                               No. 12 CRS 53966
ALEXANDER SCOTT TALBOT


    Appeal by Defendant from judgment entered 3 May 2013 by Judge Alma L. Hinton in Wilson County Superior Court.  Heard in the Court of Appeals 5 February 2014.


    *Attorney General Roy Cooper, by Assistant Attorney General Deborah M. Greene, for the State.*

    *Bowen and Berry, PLLC, by Sue Genrich Berry, for the defendant.*


    MCCULLOUGH, Judge.


    Alexander Scott Talbot, ("Defendant") was indicted on 30 December 2012 for the offense of Common Law Robbery.  He was tried in Wilson County Superior Court, Judge Alma L. Hinton, presiding and on 3 May 2013 convicted of Larceny from a Person at which time he was sentenced to a minimum of eight (8) months and maximum of nineteen (19) months in the custody of the North Carolina Department of Corrections.  Defendant was also ordered to pay $44.00 in restitution.  On 9 May 2013, Defendant filed Notice of Appeal.  After a careful review of the proceedings

below we find No Error in the trial conducted in Superior Court, but vacate the sentence of restitution and remand for re-sentencing on that issue.

## I.   BACKGROUND

On 7 September 2012, Defendant's father who is the owner and operator of a business called 8 Ball Cycle Work in the Wilson area, requested that Defendant watch his shop while he ran some errands.  On that date, Defendant, his girlfriend, Cassandra Setzer ("Setzer") and Jamy Reid ("Reid"), a friend of Defendant who on occasion lived with Defendant, left his apartment traveling to the father's business.  Along the way the trio stopped at Valvoline to pay for some repairs made to Defendant's Jeep before reaching his father's business. Defendant began to have concerns about the repairs as he heard noises coming from his Jeep, so all three proceeded to an auto parts store to buy parts.  Before returning to 8 Ball Cycle, they made a stop at McDonald's.  While at McDonald's Reid announced he was going to go make some money.  Reid then left. After receiving a call from his father about the length of time it was taking for Defendant to arrive at his business, Defendant informed Setzer that he was going to go find Reid.

Churchwell's Jewelers, a near-by custom jewelry business was open as it was now past 10:00 a.m., its opening time, and

jewelry had been placed in glass-top counter displays. The owners, Angie and Anderson Bass were present in their upstairs office over-looking the showroom while two employees, Cora Wooten and Ashley Townsand, were on the main floor. Ms. Wooten moved to the display case when Reid entered the store while Mr. Townsand, who was in the repair area, stood up and watched Reid. After Reid asked to see some rings, Ms. Wooten removed a display of rings from inside a glass case in order to show them to Reid. Shortly thereafter, Defendant entered the store. At this juncture, one of the owners, Mr. Bass, came downstairs to the showroom and Defendant asked Mr. Bass what time the restaurant located next door opened for business. When Mr. Bass replied that the restaurant opened at 5:00 p.m. Defendant began to exit the store and opened the door. At that moment Reid grabbed the ring display and ran out the open door behind Defendant. Reid ran in one direction and Defendant walked in another, until Townsand caught up with Defendant and requested he return to the store.

Reid ran back to McDonald's, got in the back seat of the Jeep, and told Setzer to drive. While doing so, she called Defendant, and learned he was being held for acting as a decoy. Once the police arrived, a lookout for the Jeep was issued and shortly thereafter Reid and Setzer were taken into custody. A

consent search resulted in officers discovering the stolen jewelry hidden inside an antifreeze container in the rear of the Jeep.

## II. Discussion

On appeal the Defendant raises three issues, (1) Did the trial court err in re-playing the surveillance video twice during jury deliberations; (2) Did the trial court err by failing to instruct the jury in accordance with N.C.P.I.-Criminal 104.50; and (3) Did the Court err in ordering restitution without sufficient evidence?

1. <u>Did the Trial Court Err by Playing Video Surveillance Tape Twice, Thereby Expressing an Opinion in Contravention of N.C.G.S. § 15A-1222?</u>

Following the trial and closing arguments, the trial court instructed the jury that they should not think the judge had any opinion stating:

> [the trial court had] implied any of the evidence should be believed or disbelieved, that a fact has been proven or not or what your findings ought to be. Instead you alone are to find the facts and render a verdict reflecting the truth.

Defendant now argues, that despite the preceding instruction, by re-playing the jewelry store surveillance tape of this incident, the trial court overly emphasized Defendant's role thus

implicitly commenting on Defendant's guilt. We do not believe this argument has merit.

Shortly after the jury began considering Defendant's case, the jury requested to review certain exhibits that had been admitted during the trial. These exhibits included certain photographs, a copy of Defendant's statement, a copy of Setzer's statement and a receipt. The trial court agreed to allow the jurors to review these exhibits in the courtroom without objection. Before the exhibits could be given to the jury, the foreperson asked if the jury could also review the jewelry store video surveillance film. The prosecutor announced that the equipment could be set up to re-play the tape. The foreperson requested that the tape be played from the point where Defendant entered the store. Following the first playing of the video, the trial judge instructed the prosecutor to play the tape a second time. This action was taken without a request from either counsel. The jury then resumed its deliberations finding Defendant guilty as previously stated.

As a preliminary matter, it should be noted that the court was well within its discretion in permitting the inspection of evidence including the re-playing of the video. In N.C. Gen. Stat. § 15A-1233(a) it is provided that:

> [i]f the jury after retiring for

> deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in [her] discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In [her] discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C. Gen. Stat. § 15A-1233(a) (2013).

The decision by the trial court to either grant or deny a jury's request to review evidence previously admitted lies within the court's discretion, *State v. Johnson,* 346 N.C. 119, 124, 484 S.E.2d 372, 375 (1997) and it is presumed that the court does so in accordance with this statute. *State v. Weddington*, 329 N.C. 202, 208, 404 S.E.2d 671, 675 (1991). When the examination takes place in open court as in the case at bar, there is no necessity for obtaining the consent of the parties. *State v. Lee,* 128 N.C. App. 506, 509, 495 S.E.2d 373, 375, *cert. denied* 348 N.C. 76, 505 S.E.2d 883 (1998). Thus, in the case now before us we fail to see how merely playing a moving picture (video) of an event which evidently did not contain any audio, so that the jurors would have an ample opportunity to review this evidence without having to ask to see the tape again later, constitutes error nor do we see how the trial court by such an

action expresses any opinion whatsoever. Jurors are presumed to follow jury instructions and curative instructions, including the one given in this case as set forth above, *State v. Little,* 56 N.C. App. 765, 770, 290 S.E.2d 393, 396 (1982). We do not believe the record demonstrates the court rendering any opinion about Defendant's guilt rather the record demonstrates the court properly instructed the jury wherein the court stated it was expressing no opinion. The record also demonstrates that the trial judge complied with the proper statutory method of allowing jurors to review evidence which they had previously examined. Appellant's arguments to the contrary are overruled.

2.   Did the Trial Court Commit Prejudicial Error by Failing to Properly Instruct Pursuant to N.C.P.I.-Criminal 104.50?

During the charge conference, Defendant's counsel requested that the court issue N.C.P.I.-Criminal 104.50 which states "A photograph was introduced into evidence in this case for the purpose of illustrating and explaining the testimony of a witness. This photograph may not be considered by you for any other purpose." The State requested the court instruct that the video could be viewed as substantive evidence. The trial judge informed counsel that N.C.P.I.-Criminal 104.50A includes both. This instruction provides, in part, "A [photograph] [video] was introduced into evidence in this case. This [photograph]

[video] may be considered by you as evidence of facts it illustrates or shows." The trial court instructed the jury in accordance with the latter pattern instruction, without any additional objection.

When a party, requests an instruction which is supported by the evidence, it is recognized that a failure to give that instruction or an instruction in substantial conformity thereto is error. *State v. Rose,* 323 N.C. 455, 458, 373 S.E.2d 426, 428 (1988). When defendant requests an instruction which was not given, the lack of objection does not waive the error and the issue is deemed preserved. *State v. Ross,* 322 N.C. 261, 265-66, 367 S.E.2d 889, 891-92 (1988). In the case *sub judice* some photographs were for illustrative purposes, those being the photos of the jewelry shop and its goods while the video was undoubtedly admitted as substantive evidence depicting actual events that transpired. While the trial judge did not clarify which portion of the instruction as given applied to the video or to the other photos it hardly seems likely that the jury failed to understand the distinction and it is difficult to see how the muddled instruction prejudiced Defendant. Accordingly, this argument is likewise overruled.

### 3. <u>Restitution</u>

Although we are constrained by the Supreme Court's ruling in *State v. Mumford*, 364 N.C. 394, 402-03, 699 S.E.2d 911, 917 (2010) to review restitution awards on appeal regardless of whether a defendant has objected to the restitution amount at trial, we note that this issue is frequently before this Court due to easily correctable errors. As this Court noted in *State v. Moore*, 365 N.C. 283, 285, 715 S.E.2d 847, 849 (2011), "the quantum of evidence needed to support a restitution award is not high." In the interest of judicial economy, we urge prosecutors and trial judges to ensure that this minimal evidentiary threshold is met before entering restitution awards.

Here, the trial judge entered an order directing that Defendant re-pay Churchwell's Jewelers the sum of $44.00. There is no evidentiary support for this amount in the record and both parties concede the trial court erred in ordering restitution. An order of restitution must be supported by evidence, *State v. Shelton,* 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004) and neither a prosecutor's unsworn statement nor a restitution worksheet is adequate to support an order of restitution, *State v. Mauer,* 202 N.C. App. 546, 552, 688 S.E.2d 774, 778 (2010). Here Appellant argues that Defendant is entitled to a new sentencing hearing on the issue of restitution and the State agrees. Therefore the sentence of restitution is vacated and

the case remanded for a new sentencing hearing on this sole issue.

## III. Conclusion

In summary, we find no error in Defendant's conviction and sentence save for the issue of restitution. The order of restitution is vacated and the case is remanded for re-sentencing on the issue of restitution only.

No Error, Restitution Order Vacated and Remanded

Judges HUNTER, Robert C. and GEER concur.