An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1001

Filed 18 June 2025

Forsyth County, Nos. 22CRS000171, 22CRS054589

STATE OF NORTH CAROLINA

v.

BRODERICK LAMONT SPEAS

Appeal by defendant from judgment entered 18 January 2024 by Judge Martin B. McGee in Forsyth County Superior Court. Heard in the Court of Appeals 21 May 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Dylan C. Sugar, for the State.*

> *Law Office of Jason R. Page, PLLC, by Jason R. Page, for the defendant-appellant.*

TYSON, Judge.

Broderick Lamont Speas ("Defendant") appeals from judgment entered upon a jury's verdict finding Defendant guilty of felony flee to elude and resisting a public officer and upon his guilty plea to attaining the status of a habitual felon. We discern no error.

## I. Background

Forsyth County Sheriff's Sergeant Jason Greiner clocked Defendant speeding in excess of forty-five miles per hour in a thirty-five miles per hour zone. Sergeant Greiner activated his vehicle's blue lights and siren. Defendant did not stop, and a vehicle pursuit ensued. Deputy B.B. Jones joined pursuit and took over as the primary chase car. Deputy Jones later stated his highest confirmed speed during the chase was more than ninety miles an hour in a thirty-five miles-per-hour zone.

Defendant discarded two black scales from the window of his vehicle during the pursuit. Defendant collided with a guidewire attached to a telephone pole, he abandoned the vehicle and attempted to flee on foot, but was apprehended by deputies. Deputies searched Defendant's vehicle, recovered a green leafy substance consistent with marijuana, 9mm pistol ammunition, and various materials commonly used for packaging marijuana and other narcotics. Defendant was indicted for felony fleeing to elude a law enforcement officer, resisting a public officer, and attaining habitual felon status on 15 August 2022.

Defendant's first attorney, George Cleland was initially involved, but it is unclear whether he was retained to represent Defendant. Cleland quickly withdrew, and the court directed the Forsyth County Public Defender's Office to appoint Jason Whitler as counsel. Whitler later withdrew in November 2023, after rejecting a frivolous claim Defendant had insisted on pursuing. Defendant's next counsel, Alexander Stubbs, was appointed on 7 December 2023.

When Stubbs was appointed, the trial court informed Defendant he could retain private counsel if he wished. Defendant attempted to hire private attorney J.D. Byers, entered into a representation agreement with Byers, and paid a small portion of his fee. Byers declined to enter a general appearance in the case.

Defendant had raised the issue of wanting private counsel the first day of trial, 16 January 2024. Together with his appointed counsel, Stubbs, Defendant requested a continuance to allow him more time to fully retain Byers. After discussing the matter with both Defendant and Stubbs, the trial court denied the motion to continue.

Defendant then informed the court he had a conflict with Stubbs and no longer wanted to be represented by him. The trial court advised Defendant it could hold a waiver or forfeiture hearing, and if Stubbs should not continue as counsel, Defendant would be required to proceed and represent himself. Defendant stated that he did not wish to forfeit his right to counsel and asserted none of his appointed attorneys had discussed possible defenses with him or had provided discovery to review.

The trial court granted Defendant and Stubbs an additional day to confer, review discovery, and allow Defendant more time to attempt to retain private counsel. The next day, Defendant again asserted he did not want to be represented by Stubbs and alluded to disagreements with Stubbs on defending his case. Byers was also in the courtroom and informed the court, while Defendant had made a good-faith effort to retain his services, he was not able to enter a general appearance that day. The

trial court refused to allow Defendant additional time to retain private counsel and proceeded with trial.

The jury found Defendant guilty of felony flee to elude and of resisting a public officer. Defendant pled guilty to attaining habitual felon status. Before sentencing, Defendant told the court he had apologized to Stubbs for his behaviors, blaming his "fear of the situation." The trial court sentenced Defendant as a prior level II offender with 5 prior record level points to an active sentence of 108 to 142 months. Defendant entered oral notice of appeal.

## II. Jurisdiction

This Court has jurisdiction pursuant to N.C. Gen. Stat. § § 7A-27(b) and 15A-1444(a) (2023).

## III. Issues

Defendant argues the trial court erred by: (1) denying his motion to continue; and, (2) not inquiring further into whether Defendant and Stubbs had reached an absolute impasse concerning tactical decisions.

## IV. Motion to Continue

### A. Standard of Review

"[A] motion to continue is addressed to the discretion of the trial court, and *absent a gross abuse of that discretion*, the trial court's ruling is not subject to review." *State v. Taylor*, 354 N.C. 28, 33, 550 S.E.2d 141, 146 (2001) (citation omitted) (emphasis supplied).

To establish prejudice, Defendant carries the burden to show he did not have time to confer with counsel and to investigate, prepare, and present his defense. *State v. Williams*, 355 N.C. 501, 540-41, 565 S.E.2d 609, 632 (2002).

## B. Analysis

Defendant argues the trial court committed structural error when it further denied his motion to continue to allow him even more time to retain private counsel. Structural errors are errors, which "'should not be deemed harmless beyond a reasonable doubt' because '[they] affect the framework within which the trial proceeds rather than being simply an error in the trial process itself.'" *State v. Goodwin*, 267 N.C. App. 437, 439, 833 S.E.2d 379, 381 (2019) (quoting *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907, 198 L.Ed. 2d 420, 431-32 (2017)). The Supreme Court of the United States has repeatedly held "erroneous deprivation of the right to counsel of choice, 'with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error.'" *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, 2564, 165 L.Ed. 2d 409, 420 (2006) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 281-82, 2083, 124 L.Ed. 2d 182, 191 (1993)). If structural error exists at the time of objection at trial, and the issue is raised on direct appeal, the defendant will generally be entitled to automatic reversal regardless of the error's actual effect on the outcome. *Goodwin,* 267 N.C. App. at 439, 833 S.E.2d at 381.

The Sixth Amendment to the United States Constitution and Article I, §§ 19, 23 of the North Carolina Constitution mandates a criminal defendant's right to counsel in serious criminal matters. *State v. Blakeney*, 245 N.C. App. 452, 459, 782 S.E.2d 88, 93 (2016). The Sixth Amendment also protects a defendant's right to privately-retained counsel of his choosing. *State v. Montgomery*, 138 N.C. App. 521, 524, 530 S.E.2d 66, 68, (2000). A defendant's right to retain private counsel is not absolute. *State v. Foster*, 105 N.C. App. 581, 584, 414 S.E.2d 91, 92 (1992). The leading case is *State v. McFadden*, 292 N.C. 609, 612–17, 234 S.E.2d 742, 745–47 (1977).

In *McFadden*, the Supreme Court of North Carolina acknowledged defendant's right to counsel of his choice is not absolute. *Id.* However, it held the trial court had erred in denying the defendant's motion for a continuance in that case because the defendant had retained private counsel well in advance of trial and was not responsible for his counsel's availability. *Id.* The Court also noted a defendant "may lose his constitutional right to be represented by counsel of his choice when he perverts that right to a weapon for the purpose of obstructing and delaying his trial." *Id.* at 616, 234 S.E.2d at 747.

In *State v. Little*, this Court found a defendant's right to counsel of his choice needed to be measured against the need for a quick resolution of the matter and the efficiency of the judicial process. *State v. Little*, 56 N.C. App 765, 768, 290 S.E.2d 393, 395 (1982). This Court upheld the trial court's denied of defendant's motion for a

continuance made on the day of the trial, concluding defendant had been "dilatory" in retaining private counsel. *Id.*

In *Goodwin*, this Court held a trial court may deny a defendant's request to substitute private counsel of choice for court-appointed counsel, only if granting the request would result in significant prejudice or disrupt the orderly administration of justice. *Goodwin*, 267 N.C. App. at 440, 833 S.E.2d at 382. The defendant in *Goodwin* had sought to replace appointed counsel, citing disagreements over communication and trial strategy. *Id.* The trial court denied the motion, reasoning the parties were not at an "absolute impasse." *Id.* at 439, 833 S.E.2d at 380. This Court reversed and remanded by concluding the trial court had applied the wrong legal standard and expressed concern the record failed to show whether the proper standard had been considered. *Id.* at 441, 833 S.E.2d at 382.

Here, the trial court did not explicitly find granting Defendant's request for a continuance to hire private counsel would result in significant prejudice or disrupt the orderly process of justice or was "a weapon for the purpose of obstructing and delaying his trial." *McFadden.* 292 N.C. at 616, 234 S.E.2d at 747. However, the facts and record clearly show Defendant was attempting to delay trial through dilatory tactics. Defendant had already gone through multiple appointed attorneys, had raised similar complaints against each, and made a last-minute request for a continuance on the morning of trial, despite having weeks to fully retain Byers. The trial court provided Defendant and Stubbs an additional day to resolve the

representation. Although Defendant had paid a portion of Byers's fee, Byers was present and told the court he would not make a general appearance to represent Defendant. These facts support the trial court's conclusion the request was not made in good faith and granting it would have obstructed the scheduled trial and the orderly administration of justice. As in *Little*, Defendant's delay in securing private counsel, despite ample opportunities, justified the trial court's decision to deny the continuance and proceed with trial. *Little*, 56 N.C. App at 768, 290 S.E.2d at 395. Defendant has failed to show the trial court committed structural error or abused its discretion in denying the motion to continue.

## V. Absolute Impasse

Defendant argues the trial court erred by failing to adequately inquire into whether he and his appointed attorney had reached an absolute impasse concerning tactical trial decisions and by improperly concluding his attorney could not continue to represent him.

## A. Standard of Review

"The standard of review for alleged violations of constitutional rights is *de novo*." *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009).

## B. Analysis

The Sixth Amendment to the Constitution of the United States guarantees a criminal defendant the "right to proceed without counsel when he voluntarily and

intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807, 45 L. Ed. 2d 562, 566 (1975).

Tactical decisions "such as which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, and what trial motions to make are ultimately [within] the province of the lawyer." *State v. Ali*, 329 N.C. 394, 404, 407 S.E.2d 183, 189 (1991). "However, when counsel and a fully informed criminal defendant client reach an absolute impasse as to such tactical decisions, the client's wishes must control." *Id.* If a defendant insists upon raising a claim, which his counsel reasonably believes is without merit, counsel is not obligated to pursue it. *State v. Jones*, 220 N.C. App. 392, 395, 725 S.E.2d 415, 417 (2012).

Counsel may not assert a claim without a meritorious basis in law or fact. *Id.* North Carolina Rules of Professional Conduct Rule 3.1 prohibits a lawyer from raising an issue without a non-frivolous basis in law and fact, but it allows a criminal defense attorney to require every element of the offense to be established and proven by the State. N.C. St. B. Rev. R. Prof. Conduct 3.1.

Defendant repeated his dissatisfaction with Stubbs, his court-appointed counsel. Defendant apparently wanted to file a motion to suppress the deputy's estimate of speed, but counsel did not want to argue it. The court ruled the officer could testify to Defendant's speed, and it was a matter subject to cross examination. Defendant also informed the court of other personal issues with Stubbs, as related to a prior matter, and told the court he and Stubbs "don't have a connection that we can

go forth together." The record also showed other instances wherein Defendant had asked prior counsel, Whitler, to argue unsupported claims, and counsel had also declined to pursue them in court.

The trial court inquired into Defendant's specific issues when he continued to raise them. The trial court also allowed a continuance and gave Defendant and Stubbs an additional day to meet, review, and prepare for trial. Defendant once again claimed Stubbs was unwilling to argue certain matters. When the trial court asked Stubbs directly whether complying with Defendant's requests would violate his ethical obligations, Stubbs declined to answer to avoid placing Defendant in a negative light.

At the conclusion of the trial, the court stated Stubbs had done a "very good job" representing Defendant. Defendant also apologized to Stubbs for his actions in court and asserted "the fear of the situation" was the root cause of his open disagreements in court. These facts provide an inference to support Defendant had attempted to delay the trial.

Defendant's pattern of conflicts with multiple attorneys over meritless issues, his inconsistent statements, and the court's reasonable efforts to allow time to resolve and to investigate his concerns supports the trial court's conclusion. The trial court further correctly found Stubbs had acted properly and in accordance with North Carolina Rules of Professional Conduct Rule 3.1. The trial court was not obligated to inquire further. The facts and record before us do not show an "absolute impasse as

to such tactical decisions" with Stubbs as his counsel as is described in *Ali*. *Ali*, 329 N.C. at 404, 407 S.E.2d at 189. Defendant's argument is overruled.

## VI. Conclusion

After allowing an additional day, the trial court properly denied Defendant's motion to continue to allow him to hire another private attorney. The trial court did not commit a Constitutional error by failing to inquire further into Defendant's comments about his counsel, because no absolute impasse existed. *Id.* Defendant received a fair trial free from prejudicial errors he preserved and argued. We find no prejudicial error in the verdict or in the judgments entered thereon. *It is so ordered.*

NO ERROR.

Judges COLLINS and GRIFFIN concur.

Report per Rule 30(e).