State v. Pickens

STATE OF NORTH CAROLINA v. CHARLES EDWARD PICKENS

No. 7328SC645

(Filed 28 November 1973)

1. Constitutional Law § 32— right to counsel — notice — determination of indigency

An accused is entitled as a matter of due process of law to be informed that he is entitled to counsel; to an inquiry and determination as to his indigent state at every stage of the proceedings if he appears without counsel; and to court-appointed counsel if he is found to be indigent unless he understandingly and voluntarily waives counsel.

2. Constitutional Law § 32— right to counsel — insufficient evidence of indigency — waiver

The trial court erred in requiring defendant to go to trial without benefit of counsel where the court's implied finding that defendant was not indigent was unsupported by evidence and where defendant was not informed of his constitutional right to counsel and thus could not have waived that right.

ON *certiorari* to review the order of *Thornburg, Judge,* 24 July 1972 Session of Superior Court held in BUNCOMBE County.

This is a criminal action in which defendant, Charles E. Pickens, was charged with the felony of receiving stolen goods. The case was originally set for trial on 24 January 1972 but was continued for the State until 5 June 1972. On 5 June 1972,

---

---

defendant appeared with purported counsel but had not finalized his representation and the case was continued until 10 July 1972 in order that defendant might have ample time to employ counsel. On 12 July 1972 the defendant was informed that he must employ counsel and prepare for trial and on 13 July 1972, the defendant appeared with purported counsel but counsel advised the court that he could not represent the defendant. At that time an order was entered continuing the case until 24 July 1972. The order in part stated:

> "[The court] would on that date call the case for trial, and the defendant having positively assured the court that he would appear with counsel and be ready for trial at that time, and the court having advised the defendant in open court that he would be tried on the 24th of July 1972, whether or not he made arrangements for counsel. . . ."

On 24 July 1972 defendant appeared in court without counsel and an order was entered which in pertinent part provided:

> "[T]hat the defendant now on 24 July 1972 appears in court without counsel, undertaking to appear in his own behalf and offers no excuse as to why he does not have counsel; and the court finding as a fact that the defendant has failed and neglected, after having more than ample opportunity to employ counsel, to retain counsel to appear with him;

>             *       *       *

> . . . IT IS THE ORDER OF THE COURT that the case proceed to trial and that Charles Edward Pickens, the defendant, appear in his own behalf, if he chooses to do so, and that the trial continue without counsel appearing in behalf of the defendant."

The defendant entered a plea of not guilty and was found guilty. From a sentence of eight to ten years, the defendant gave notice of appeal which was not perfected. The defendant made application for a Writ of Certiorari which was granted on 22 March 1973.

*Attorney General Robert Morgan and Assistant Attorney General Donald A. Davis for the State.*

*David G. Gray, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]   Defendant assigns as error the failure of the trial court to determine his indigency and the failure to appoint counsel to assist him in the defense of the charge against him. An accused is entitled as a matter of due process of law to be informed that he is entitled to counsel; to an inquiry and determination as to his indigent state at every stage of the proceedings if he appears without counsel; and to court-appointed counsel if he is found to be an indigent unless he understandingly and voluntarily waives counsel. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530 (1972) ; *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245 (1969).

[2]   A careful review of the record in the instant case reveals that at no time was defendant informed of his constitutional right to be represented by counsel and that an insufficient inquiry as to defendant's indigent state was made. The record presents a confusing state of affairs as to defendant's indigency, with defendant at one point indicating he could not afford a lawyer and at another point answering a question propounded by the court in the following manner: "Yes sir, I can make the money to employ a lawyer. * * * I have a job and I'm working and I'm self-employed." Notwithstanding this conflict in the evidence, the trial judge at no point made an *express* finding as to defendant's indigent or non-indigent condition. Based upon the paucity of evidence elicited as to defendant's financial circumstances, we are of the opinion that a finding of non-indigency, which appears to have been made impliedly in this case, is not supported by sufficient evidence, and that defendant is entitled to a more detailed investigation into his economic situation. We are not persuaded by the cases cited by the State as we find them factually distinguishable from the present case. In each of the cases relied upon by the State a much more complete inquiry into defendants' economic circumstances was present. In the case now before us there is no indication of what type of work defendant does, the salary he is paid, any indebtedness he might have or other information which might aid the court in its evaluation of defendant's financial worth.

Although we find that it was incumbent upon the trial court to make a more sufficient inquiry into defendant's financial status and to determine the question of his indigency, defendant is not prejudiced unless he can show that he did not

voluntarily and intelligently waive counsel. The trial court, in its order of 24 July 1972, stated:

> "Based upon the foregoing findings of fact, the court concludes as a matter of law that the defendant has wilfully and intentionally waived his right to counsel by his indolent behavior and his refusal and neglect to employ counsel to appear in his behalf."

Our Supreme Court quoted with approval in *State v. Morris*, 275 N.C. 50, 59, 165 S.E. 2d 245, 251 (1969), the following passage from *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1962):

> "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Certainly we do not condone the actions of defendant; however, there being a noticeable absence in the record of any court offer of counsel to defendant, the defendant cannot be said to have waived his right to counsel. *Carnley v. Cochran, supra.*

For failure of the trial judge to determine indigency and appoint counsel to represent defendant, the judgment must be vacated and a new trial ordered.

New trial.

Judges VAUGHN and BALEY concur.