STATE OF NORTH CAROLINA v. GREGORY ALLEN GANT

No. COA01-1361

(Filed 17 September 2002)

## 1. Forgery— uttering—motion to dismiss—sufficiency of evidence

The trial court did not err by failing to dismiss four counts of forgery and uttering charges against defendant, because: (1) there was substantial direct evidence with respect to Counts I and II against defendant regarding a $35.00 check since a store clerk testified that defendant said his mother had given him the check, she saw defendant fill out the check, and the store clerk cashed the check for defendant whereas defendant's mother testified that she had not given defendant permission to sign the check; and (2) there was substantial circumstantial evidence with respect to Counts VII and VIII against defendant regarding a $75.00 check since a store clerk testified that despite not seeing defendant fill out the check the store clerk only cashed the check after defendant told him that his mother had authorized the store to do so, and the mother denied giving such authorization.

## 2. Criminal Law— expression of opinion by trial court—re-instruction according to pattern jury instruction

The trial court did not commit plain error in a forgery and uttering case by allegedly expressing an opinion to the jury when it re-instructed on credibility after the jury asked whether any consideration could be given to defendant's testimony that his sister wrote and cashed one of the checks, because the trial court gave no opinion regarding the jury's question but merely re-instructed the jury on credibility using a pattern jury instruction without providing extraneous comments and without objection from either party.

**3. Sentencing— prayer for judgment—superceding habitual felony indictment to change date**

The trial court did not abuse its discretion in a forgery and uttering case by entering a prayer for judgment to allow the State time to obtain a superceding habitual felony indictment for purposes of changing the date of the occurrence of defendant's first felony offense from 16 April 2000 to 16 April 1990, because: (1) N.C.G.S. § 15A-1334(a) provides that either defendant or the State may obtain a continuance of the sentencing hearing upon a showing that the judge determines to be good faith; and (2) the defect was only technical in nature and in no way deprived defendant of sufficient notice that he was being prosecuted as an habitual felon at the time of his plea to the underlying substantive felony charges.

**4. Constitutional Law— effective assistance of counsel— attempt to fire court-appointed attorney**

The trial court did not err in a forgery and uttering case by ordering defendant to proceed with trial immediately either with his court-appointed attorney, who defendant wanted to discharge, or pro se because: (1) one of the letters defendant offered as an exhibit signified that he attempted to fire his appointed counsel on 14 March 2001 and defendant offered no evidence on the date of his motion on 30 April 2001 that he had made any arrangements to obtain private counsel after writing the letter; and (2) the court's interest in the speedy disposition of defendant's criminal charges was paramount since defendant failed to timely act on his right to obtain private counsel.

**5. Sentencing— habitual felon—motion to dismiss—sufficiency of evidence—true copy of prior convictions**

The trial court did not err in a forgery and uttering case by refusing to dismiss the habitual felon charge even though defendant contends the admissibility of his prior convictions was in violation of N.C.G.S. § 14-7.4 based on the fact that the State introduced those convictions as true copies instead of as certified copies, because no recognizable distinction between the two types of copies would require exclusion of a true copy from admissibility.

Appeal by defendant from judgment entered 2 May 2001 by Judge Benjamin G. Alford in Lenoir County Superior Court. Heard in the Court of Appeals 20 August 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jay L. Osborne, and Special Deputy Attorney General Judith R. Bullock, for the State.*

*William D. Spence for defendant-appellant.*

HUNTER, Judge.

Gregory Allen Gant ("defendant") appeals his convictions and sentencing for forgery, uttering, and being an habitual felon. We find no error.

On 28 August 2000, defendant was indicted by a Lenoir County Grand Jury for nine counts of forgery and nine counts of uttering (00CRS007551). Thereafter, an indictment dated 6 November 2000 was filed naming defendant as an habitual felon due to his convictions for three prior felonies (00CRS009559). On 30 January 2001, defendant was tried on two of the forgery counts and two of the uttering counts before a jury in Lenoir County Superior Court. The following evidence was introduced at trial.

The State's evidence tended to show that in April of 2000, defendant's mother, Rosena Gant ("Mother Gant"), received telephone calls from two merchants, Mr. Bingo (a bingo parlor) and Wal-mart, regarding checks written from her bank account. After learning that a few of her checks were missing, Mother Gant reported the incident to Investigator Lolita Chapman ("Investigator Chapman") of the Kinston Police Department. Mother Gant told Investigator Chapman that defendant may have written the checks without her permission. Upon seeing the checks at trial, Mother Gant testified that although they had come from her bank account and had her name on the signature line, she had not signed the checks herself nor given anyone else permission to do so.

The State also offered evidence from the employees believed to have received the checks from defendant. Tonya Johnson ("Johnson"), an employee of Mr. Bingo, testified that she personally knew defendant and saw him fill out and sign two of the checks in question. Johnson had placed her initials in the top left corner of those checks and cashed them for defendant. Also, Victor Wooten ("Wooten"), an employee of Wal-Mart, testified that he had cashed one of Mother Gant's checks for defendant in April of 2000 because (1) he knew Mother Gant from her previous employment at Wal-Mart, and (2) defendant stated that his mother had spoken with the store

manager and authorized the transaction. Although Wooten testified that he did not see defendant fill out the check or remember the amount of the check, he had only cashed one check for defendant during the month of April.

Defendant testified on his own behalf. During his testimony, defendant denied writing or cashing the checks to Wal-mart or Mr. Bingo. He further testified that he was with his sister when she cashed the checks at Mr. Bingo.

At the conclusion of defendant's trial, but prior to the jury's verdict, the court noted that the State's habitual felon indictment contained an incorrect date for one of defendant's previous felonies. Thus, after the jury found defendant guilty as charged, the State moved for a prayer for judgment so that the habitual felon indictment could be corrected. The motion was allowed, and a superseding indictment was filed on 12 February 2001. Thereafter, on 1 May 2001, the jury also found defendant guilty of being an habitual felon. Defendant was sentenced to a minimum term of 108 months and a maximum term of 139 months. The remaining fourteen counts against defendant were dismissed by the State on 7 May 2001. Defendant appeals.

Defendant brings forth six assignments of error, the first of which he abandons in his brief to this Court. With respect to defendant's remaining assigned errors, we conclude that the trial court committed no error.

I.

[1] By defendant's second assignment of error, he argues the trial court erred in failing to dismiss the forgery and uttering charges against him due to insufficiency of the evidence. We disagree.

When determining whether to dismiss a criminal action, the trial court is to consider the evidence in the light most favorable to the State, which entitles the State "to every reasonable intendment and every reasonable inference to be drawn from the evidence[.]" *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 653 (1982). The evidence considered must be "substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense." *Id.* at 65-66, 296 S.E.2d at 651. Whether the evidence presented is substantial is a question of law for the court. *State v. Stephens*, 244 N.C. 380, 384, 93 S.E.2d 431, 433 (1956). Also, "the rule for determining the

sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both." *State v. Wright*, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981) (citations omitted).

In the present case, defendant was on trial for two counts of forgery and two counts of uttering. The essential elements of forgery are: "(1) [t]here must be a false making or alteration of some instrument in writing; (2) there must be a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud." *State v. Phillips*, 256 N.C. 445, 447, 124 S.E.2d 146, 148 (1962). The essential elements of uttering a forged check are: "(1) the offer of a forged check to another, (2) with knowledge that the check is false, and (3) with the intent to defraud or injure another." *State v. Hill*, 31 N.C. App. 248, 249, 229 S.E.2d 810, 810 (1976).

Counts I and II against defendant referred to a $35.00 check that was written to Mr. Bingo. During the trial, Johnson testified that (1) defendant said Mother Gant had given him the check; (2) she saw defendant fill out the check for $35.00; and (3) she cashed the check for defendant. Yet, defendant's mother had previously testified that she had not given defendant permission to sign the check issued to Mr. Bingo. Thus, when viewing this evidence in the light most favorable to the State, there was substantial *direct* evidence establishing defendant's guilt on these two counts.

Additionally, counts VII and VIII against defendant referred to a $75.00 check that was written to Wal-Mart. Wooten testified at trial that despite not seeing defendant fill out the check or remembering the amount of the check, he had only cashed one check for defendant in April of 2000, which was the same month the $75.00 check was written and cashed. Wooten further testified that he only cashed the check because defendant told him that Mother Gant had authorized the store to do so. However, as stated earlier, Mother Gant denied giving such authorization. Therefore, when viewing this evidence in the light most favorable to the State, there is substantial *circumstantial* evidence establishing defendant's guilt with respect to counts VII and VIII.

Accordingly, the trial court did not err in failing to dismiss these four counts against defendant due to insufficiency of the evidence.

## II.

[2] By his third assignment of error, defendant argues the trial court committed error when it allegedly expressed an opinion to the

jury. In particular, defendant contends that the court erred in re-instructing on "credibility" when asked by the jury whether any consideration could be given to defendant's testimony that his sister wrote and cashed the Mr. Bingo check. However, since defendant did not object when the trial judge stated he intended to re-instruct the jury on credibility using a pattern jury instruction, this Court must review defendant's assigned error using the "plain error" rule. *State v. Black*, 308 N.C. 736, 740, 303 S.E.2d 804, 806 (1983).

The "plain error" rule:

"[I]s always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of fundamental right of the accused,' or the error has ' "resulted in a miscarriage of justice or in the denial to appellant of a fair trial[.]" ' "

*Id.* (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)). In the case *sub judice*, the court gave no opinion regarding the jury's question. The trial judge simply re-instructed the jury on credibility per a pattern jury instruction, without providing any extraneous comments, and without objection from either party. Therefore, the court did not commit error, much less "plain error."

### III.

[3] By defendant's fourth assignment of error, he argues the court erred in entering a prayer for judgment to allow the State time to obtain a superceding indictment. We disagree.

Section 15A-1334(a) of our statutes provide that "[e]ither the defendant or the State may, upon a showing which the judge determines to be good cause, obtain a continuance of the sentencing hearing." N.C. Gen. Stat. § 15A-1334(a) (2001). The trial court's judgment on this matter "will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962). *See also State v. Oakes*, 113 N.C. App. 332, 337, 438 S.E.2d 477, 480 (1994).

·Here, the State was allowed to obtain a superceding indictment for purposes of changing the date of the occurrence of defendant's first felony offense from "April 16, 2000" to "April 16, 1990." Defendant contends that the court's conduct was prejudicial to him because had the court not pointed out the incorrect date in the indictment, the State would have had to continue with the habitual felon proceeding and suffer the consequences of having a defective indictment. However, this defect was only technical in nature. *See id.* Moreover, the defect's presence in the original habitual felon indictment in no way deprived defendant of sufficient notice that he was being prosecuted as an habitual felon at the time of his plea to the underlying substantive felony charges. *Id. See also State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977). Thus, the trial court's entry of a prayer for judgment was not an abuse of discretion or an act that was prejudicial or unfair to defendant.

IV.

**[4]** Next, defendant assigns error to the court's ordering him to proceed with trial immediately with either his court-appointed counsel (whom defendant wanted the court to discharge) or *pro se*. The facts relevant to this assignment of error involve defendant making motions on 30 April 2001, the morning of the sentencing hearing, to (1) remove his appointed counsel and (2) for a continuance to retain private counsel. In support of his motions, defendant offered two exhibits that were letters he had written to his appointed counsel stating that the counsel was fired. The court ruled that defendant could either proceed with his appointed counsel or represent himself, but that his case would not be continued. Defendant contends that this ruling denied him the constitutional right to assistance of competent counsel. We are not persuaded by defendant's argument.

A defendant's "right to be defended by chosen counsel is not absolute." *State v. Foster*, 105 N.C. App. 581, 584, 414 S.E.2d 91, 92 (1992). A judge's denial of a defendant's motion for a continuance to retain private counsel does not violate that defendant's constitutional right to the assistance of counsel if that right is "balanced with the need for speedy disposition of the criminal charges and the orderly administration of the judicial process." *Id.* In the present case, one of the letters defendant offered as an exhibit signified that he attempted to fire his appointed counsel on 14 March 2001. However, on the date of defendant's motions (30 April 2001), defendant offered no evidence

STATE v. GANT

[153 N.C. App. 136 (2002)]

that he had made any arrangements whatsoever to obtain private counsel after writing the letter. Since defendant failed to timely act on his right to obtain private counsel, the trial court did not err in denying defendant a continuance due to the court's interest in the speedy disposition of his criminal charges. *See State v. Chavis*, 141 N.C. App. 553, 540 S.E.2d 404 (2000).

V.

[5] By defendant's final assignment of error, he argues the trial court erred in refusing to dismiss the habitual felon charge against him due to insufficiency of the evidence. We disagree.

In essence, the Habitual Felons Act ("the Act") provides that prior convictions of a defendant are admissible and *"may* be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." N.C. Gen. Stat. § 14-7.4 (2001) (emphasis added). Defendant contends that the admissibility of his prior convictions was in violation of the Act because the State introduced those convictions as "true copies" instead of as "certified copies." Nevertheless, this Court has held that since the Act uses the word "may," other methods of proving prior convictions are not excluded, i.e., true copies. *See State v. Wall*, 141 N.C. App. 529, 533, 539 S.E.2d 692, 695 (2000), *cert. denied,* —— N.C. ——, 566 S.E.2d 480 (2002). Furthermore, the absence of a definition for "certified copy" in the Act requires this Court to consider the term's ordinary meaning. *See Transportation Service v. County of Robeson*, 283 N.C. 494, 196 S.E.2d 770 (1973). A "certified copy" is ordinarily defined as "[a] copy of a document or record, signed and certified as a *true copy* by the officer to whose custody the original is intrusted." Black's Law Dictionary 228 (6th ed. 1990) (emphasis added). This definition provides no recognizable distinction between the two types of copies that would require exclusion of a "true copy" from admissibility under the Act. Thus, we overrule this assignment of error.

For the aforementioned reasons, we conclude that defendant's convictions and sentencing for forgery, uttering, and being an habitual felon are free from error.

No error.

Judges GREENE and TIMMONS-GOODSON concur.