IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-411

Filed 21 May 2024

Forsyth County, Nos. 19 CRS 60259; 20 CRS 96

STATE OF NORTH CAROLINA

v.

STEPHON DENARD MELTON, Defendant.

Appeal by Defendant from judgment entered 15 September 2022 by Judge Steve R. Warren in Forsyth County Superior Court. Heard in the Court of Appeals 6 February 2024.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Jessica V. Sutton, for the State.*
>
> *Caryn Strickland for Defendant.*

GRIFFIN, Judge.

Defendant Stephon Denard Melton appeals from judgment entered upon a jury's verdict finding him guilty of possession of methamphetamine and attaining habitual felon status. Defendant contends the trial court committed a structural error in denying his court-appointed counsel's motion to withdraw and further erred in failing to exercise its discretion to reconsider the denial of the motion. We hold the trial court did not err.

## I. Factual and Procedural Background

This case arises from an incident which occurred on 26 September 2019. The

relevant facts are as follows:

On 7 February 2022, Defendant was indicted for felony possession of methamphetamine, possession of methamphetamine on the premises of Forsyth County Jail, and having attained habitual felon status. On 8 July 2022, Defendant, represented by court-appointed counsel, requested a trial. The matter was calendared for trial at the 12 September 2022 Session of Forsyth County Superior Court.

On 23 August 2022, the State provided notice of trial ready status. On 5 September 2022, Defendant indicated, in an administrative hearing, he was also prepared to proceed to trial.

On 9 September 2022, an attorney, who was not Defendant's court-appointed counsel and had not yet been retained as private counsel, contacted the State without notice to Defendant's court-appointed counsel. The attorney requested, on behalf of Defendant, a plea deal or continuance in Defendant's case to allow her to prepare to defend him. The State denied the request for a continuance but did offer a plea deal, which Defendant rejected. Defendant's court-appointed counsel was not immediately informed of the other attorney's requests.

On Sunday, 11 September 2022, Defendant's court-appointed counsel, after hearing of the attorney's request, notified the State he would be filing a motion to withdraw. On Monday, 12 September 2022, Defendant's court-appointed counsel filed the motion, which was heard later that day before Judge Stanley L. Allen in

Forsyth Couty Superior Court. Upon hearing arguments from all parties, Judge Allen denied the motion.

On 13 September 2022, Defendant's case came on for trial before Judge Steve R. Warren in Forsyth Couty Superior Court. Prior to jury selection, Judge Warren acknowledged there was a motion to withdraw in the file. Defendant's court-appointed counsel noted the motion had been denied but stated Defendant wished to be heard on the motion again. Judge Warren allowed the parties to be heard on the motion, then repronounced the denial of the motion.

The trial proceeded, and on 15 September 2022, the jury returned a verdict finding Defendant guilty of felony possession of methamphetamine and of having attained habitual felon status. Defendant was found not guilty of possession of methamphetamine on the premises of Forsyth County Jail. Defendant was sentenced to 42 to 63 months' imprisonment.

On 16 September 2022, Defendant timely filed notice of appeal.

## II.  Analysis

Defendant contends the trial court committed a structural error in denying his court-appointed counsel's motion to withdraw and further erred in failing to exercise its discretion to reconsider the denial of the motion.

## A. Motion to Withdraw

Defendant argues the trial court committed a structural error in denying his court-appointed counsel's motion to withdraw where it erroneously applied the

ineffective assistance of counsel standard in considering the motion. We disagree.

### 1. Standard of Review

While we generally review a trial court's decision to either grant or deny a motion to withdraw for abuse of discretion, *State v. Warren*, 244 N.C. App. 134, 142, 780 S.E.2d 835, 841 (2015), our Courts have repeatedly recognized "when [a] motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and not of discretion[.]" *State v. Little*, 56 N.C. App. 765, 767, 290 S.E.2d 393, 395 (1982) (internal marks and citation omitted); *see also State v. McFadden*, 292 N.C. 609, 611, 234 S.E.2d 742, 744 (1977). Thus, where, as here, the defendant's motion concerns his "right to be defended in all criminal prosecutions by counsel whom he selects and retains[,]" we must review the trial court's decision concerning that motion, de novo. *Little*, 56 N.C. App. at 767, 290 S.E.2d at 395 (internal marks and citation omitted); *see also State v. Speller*, 230 N.C. 345, 351, 53 S.E.2d 294, 298 (1949) ("Both the State and Federal Constitutions secure to every man the right to be defended in all criminal prosecutions by counsel whom he selects and retains." (citation omitted)).

Moreover, Defendant argues the trial court committed a structural error—a rare constitutional error, of which this Court reviews de novo. *See State v. Blake*, 275 N.C. App. 699, 705, 853 S.E.2d 838, 843 (2020). *See also United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006); *State v. Goodwin*, 267 N.C. App. 437, 438, 833 S.E.2d 379, 380 (2019) (explaining the United States Supreme Court and our State Courts,

alike, recognize the erroneous deprivation of a defendant's right to counsel of choice, qualifies as a structural error).

## 2. *Application of the proper standard on a motion to withdraw*

The Sixth Amendment guarantees the accused, in all criminal prosecutions, the right to have the assistance of counsel in making his defense. *See* U.S. Const. amend. VI; N.C. Const. art. I, § 23 ("In all criminal prosecutions, every person charged with crime has the right to . . . have counsel for defense[.]"). Where the accused is found to be indigent, he is entitled to court-appointed counsel unless he understandingly and voluntarily waives that right. *State v. Pickens*, 20 N.C. App. 63, 65, 200 S.E.2d 405, 406 (1973) (citing *Argersinger v. Hamlin*, 407 U.S. 25 (1972); *State v. Morris*, 275 N.C. 50, 57, 165 S.E.2d 245, 249 (1969)).

While an indigent defendant has the right to court-appointed counsel, his right is not unlimited. Specifically, our Courts have placed certain limitations on an indigent defendant's right to substitute his court-appointed counsel. However, these limitations differ based on whether an indigent defendant seeks to replace his court-appointed counsel with other court-appointed counsel or whether he, no longer being indigent, seeks to replace his court-appointed counsel with private counsel of his choice.

Our precedent is clear when it comes to substituting court-appointed counsel with court-appointed counsel. Our Courts have explicitly recognized, the right to court-appointed counsel "does not include the privilege to insist that counsel be

removed and replaced with other [court-appointed] counsel merely because [the] defendant becomes dissatisfied with his attorney's services." *State v. Holloman*, 231 N.C. App. 426, 429, 751 S.E.2d 638, 641 (2013) (*quoting State v. Sweezy*, 291 N.C. 366, 371, 230 S.E.2d 524, 528 (1976) (internal marks omitted)). However, where it appears "representation by counsel originally appointed would amount to denial of [the] defendant's right to effective assistance of counsel[,]" the trial court is required to appoint substitute counsel. *State v. Thacker*, 301 N.C. 348, 352, 271 S.E.2d 252, 255 (1980). Thus, upon a defendant's request to substitute his court-appointed counsel with other court-appointed counsel, "[t]he trial court's sole obligation . . . is to make sufficient inquiry into [the] defendant's reasons to the extent necessary to determine whether [the] defendant will receive effective assistance of counsel." *State v. Poole*, 305 N.C. 308, 312, 289 S.E.2d 335, 338 (1982).

Less clear, however, is the standard by which the trial court is to determine whether to allow a defendant, previously found to be indigent, the right to substitute his court-appointed counsel with private counsel of his choice.

A defendant's right to counsel under the Sixth Amendment includes the right of a non-indigent defendant to be defended by counsel of his choice. *See* N.C. Const., art. I; U. S. Const. amend. XIV; *see also Powell v. Alabama*, 287 U.S. 45, 53 (1932) ("It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice."). Still, this right is not unrestricted. *See State v. Gant*, 153 N.C. App. 136, 142, 568 S.E.2d 909,

913 (2002) ("A defendant's right to be defended by chosen counsel is not absolute." (internal marks and citation omitted)).

Our Court recently contemplated this issue in *State v. Goodwin*, 267 N.C. App. 437, 833 S.E.2d 379. In *Goodwin*, the defendant, prior to jury selection, requested new counsel, stating he wished to fire his court-appointed defense counsel and hire a private attorney. *Id.* at 438–39, 833 S.E.2d at 381. The defendant explained he believed his defense counsel "was not competent to represent him because they could not agree on which witness to call and could not properly communicate." *Id.* In response to this statement, the defendant's court-appointed counsel filed a motion to withdraw. *Id.* at 439, 833 S.E.2d at 381. The trial court denied the defendant's request and his counsel's motions stating, "[t]he [trial] [c]ourt deems there not to be an absolute impasse in regards to this case so far." *Id.* The defendant appealed, arguing, inter alia, "the trial court committed a structural error when it denied his request for new, chosen counsel." *Id.* The *Goodwin* Court, adopting our Supreme Court's purported reasoning in *State v. McFadden*, stated the trial court could only deny the defendant's request to substitute his court-appointed counsel for private counsel of his choosing where it determined that granting the motion would "result in significant prejudice to the defendant or in a disruption of the orderly processes of justice unreasonable under the circumstances[.]" *Id.* at 440, 833 S.E.2d at 382 (internal marks and citation omitted). The *Goodwin* Court noted there was no evidence in the record suggesting the trial court made such a determination as the

court "made no findings of fact indicating that the timing or content of [the d]efendant's request may have been improper or insufficient." *Id.* at 441, 833 S.E.2d at 382. Therefore, the Court, upon reviewing the transcript, held the trial court committed a structural error as it "mistakenly relied upon the absolute impasse standard in ruling on his request for new counsel[,]" when the defendant's request was "an assertion of his right to be represented by the counsel of his choice; not an argument regarding the effectiveness of [his defense counsel's] representation." *Id.*

As an aside, we recognize that although the Court's opinion in *Goodwin* suggests the record was void of evidence tending to show the trial court applied the proper standard where the trial court failed to make certain findings of fact, the trial court is not required to make findings of fact. *Id.*; *see Poole*, 305 N.C. at 312, 289 S.E.2d at 338 (holding the trial court was not required to make findings of fact as "[t]he trial court's sole obligation when faced with a request that counsel be withdrawn is to make sufficient inquiry into [the] defendant's reasons to the extent necessary" to a make the required determination). Relying on *State v. Poole*, the Court, in an unpublished opinion, later clarified its holding in *Goodwin* by recognizing, in cases such as this, "[w]hile it is certainly preferable for trial courts to memorialize their findings of fact and conclusions of law either orally, in the transcript, or in a formal order, such memorialization is not a requirement[.]" *State v. Beal,* 272 N.C. App. 577, 844 S.E.2d 626, 2020 WL 4185818, *5 (unpublished) (citing generally *Poole*, 305 N.C. at 312, 289 S.E.2d at 338).

Additionally, while we recognize the *Goodwin* Court relied heavily on our Supreme Court's decision in *State v. McFadden*, it is unclear whether the *Goodwin* Court correctly interpreted *McFadden*. The *Goodwin* Court notes:

> Under our reading of *McFadden*, when a trial court is faced with a [d]efendant's request to substitute his court-appointed counsel for the private counsel of his choosing, it may only deny that request if granting it would cause significant prejudice or a disruption in the orderly process of justice.

*Goodwin*, 267 N.C. App. at 440, 833 S.E.2d at 382. However, prior panels of this Court, faced with similar issues on appeal, seemingly interpreted *McFadden* otherwise as they, without weighing prejudice against the defendant, applied a balancing test, noting the defendant's right to private counsel of his choice must be "balanced against the need for speedy disposition of the criminal charges and the orderly administration of the judicial process." *State v. Chavis*, 141 N.C. App. 553, 562, 540 S.E.2d 404, 411 (2000) (internal marks and citation omitted); *see Little*, 56 N.C. App. at 768–89, 290 S.E.2d at 395–96; *see also Gant*, 153 N.C. App. at 142, 568 S.E.2d at 913; *State v. Foster*, 105 N.C. App. 581, 584, 414 S.E.2d 91, 92 (1992).

In *State v. Chavis*, on the morning his case was called for trial, the defendant sought a third continuance to permit him to obtain alternate counsel. 141 N.C. App. at 556, 540 S.E.2d at 408. The trial court denied the defendant's motion. *Id.* On appeal, the Court balanced the defendant's right to private counsel against the need for speedy disposition of his charges and the orderly administration of judicial process

- 9 -

and held the trial court did not err. *Id.* at 562, 540 S.E.2d at 411. The Court noted the record showed the defendant made the motion the morning trial was set to begin, without the presence of the private counsel he indicated he wanted to employ and without making any financial arrangements with that counsel. *Id.* Additionally, the Court recognized the State was ready to proceed to trial with all witnesses present and the defendant had failed to indicate any conflict he had with his court-appointed counsel. *Id.*

In *State v. Little*, the defendant was appointed a public defender. 56 N.C. App. at 766, 290 S.E.2d at 394. On the day of trial, the public defender moved to withdraw after he informed the trial court that the defendant's mother had indicated a desire to retain private counsel for the defendant and had, in fact, retained counsel that day. *Id.* at 767, 290 S.E.2d at 349. The defendant moved for a continuance in order to allow the counsel of his choice to prepare his defense, which was denied. *Id.* at 766, 290 S.E.2d at 349. On appeal from the denial of his motion, the Court stated the defendant was dilatory in securing privately retained counsel as his mother had been in contact with the private counsel for several weeks before the counsel was retained on the day of trial. *Id.* at 768, 290 S.E.2d at 395. Further, the Court stated, upon balancing the defendant's "right to have counsel of his choice with the need for speedy disposition of criminal charges and the orderly administration of the judicial process," it was clear the defendant's constitutional rights had not been denied. *Id.* at 768, 290 S.E.2d at 395–96.

Nonetheless, bound by this Court's prior opinion in *Goodwin*, we apply its interpretation of *McFadden* and the standard it requires. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding that where a panel of this Court has previously decided a legal issue, a subsequent panel of this Court "is bound by that precedent, unless it has been overturned by a higher court").

Here, on Sunday, 11 September 2022, Defendant's court-appointed counsel informed the State he would be filing a motion to withdraw. The motion was filed on 12 September 2022—the morning trial was set to begin. That same day, the motion came on for hearing. The trial court heard arguments from the parties and conducted an inquiry with Defendant who, complaining there had been a lack of communication, expressed he wanted to hire private counsel of his choice. The trial court then asked Defendant's court-appointed counsel whether he and Defendant had any "ideological differences," to which he responded, "I would say there is, Your Honor." Before concluding the hearing, the trial court asked Defendant several additional questions:

> [TRIAL] COURT: And have you usually talked to another lawyer?
>
> DEFENDANT: Yes, I talked to several. As of—after the court date—
>
> [TRIAL] COURT: That was a yes or no question.
>
> DEFENDANT: Yes, I talked to several.
>
> [TRIAL] COURT: And have you employed another lawyer?
>
> DEFENDANT: They won't allow me to—

> [TRIAL] COURT:   That's not what—just answer yes or no, have you employed another lawyer?
>
> DEFENDANT:      No, sir.

The trial court then denied the motion to withdraw.

Unlike the trial court in *Goodwin*, the trial court here conducted an inquiry into more than just whether there existed an absolute impasse between Defendant and his court-appointed counsel.  While the trial court did ask Defendant's court-appointed counsel whether he and Defendant had any ideological differences, the court's colloquy with Defendant revolved around Defendant's present failure to retain private counsel despite his supposed desire to do so.

Despite including a mere question about any "ideological differences" between Defendant and his court-appointed counsel, the record reflects, the trial court conducted an inquiry which revolved around issues concerning the further disruption and delay of trial.  Thus, the trial court did not apply the incorrect standard in considering the motion to withdraw.  *See also State v. Hall*, 287 N.C. App. 394, 881 S.E.2d 762, 2022 WL 17985838, \*5 (2022) (unpublished) (holding the trial court did not erroneously apply the ineffective assistance of counsel standard where the trial court made only a passing reference to the lack of an "impasse," while the majority of the exchange and ruling was centered around the disruption and delay hiring new counsel would cause).  Thus, the trial court did not commit a structural error.

**B.  Reconsideration of the Motion to Withdraw**

Defendant argues the trial court erred in failing to exercise its discretion to reconsider the prior denial of his court-appointed counsel's motion to withdraw.

### 1. *Standard of review*

We review matters left to the discretion of a trial court for abuse of discretion. *See France v. France*, 224 N.C. App. 570, 577, 738 S.E.2d 180, 185 (2012) ("[W]here matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." (internal marks and citation omitted)). An abuse of discretion occurs where the trial court's ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Id.* (internal marks and citation omitted).

### 2. *Discretion to reconsider a prior ruling on a motion*

Generally, there lies no appeal from one judge of the superior court to another as they maintain equal and coordinate power. *Michigan Nat'l Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E.2d 579, 580 (1966). As is well-established in our jurisprudence, "one Superior Court judge may [neither] correct another's errors of law; [nor] modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (citation omitted). However, there exists an exception to this rule, whereby one judge is authorized to overrule another under certain circumstances. *See Crook v. KRC Mgmt. Corp.*, 206 N.C. App. 179, 189, 697 S.E.2d 449, 456 (2010). Per this exception, "[o]ne superior court judge may only modify, overrule, or change the order of another

superior court judge where the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order." *Id.* (internal marks and citation omitted). The party seeking the modification bears the burden of showing there has since been a substantial change in circumstances, that being "an intervention of new facts which bear upon the propriety of the previous order." *First Fin. Ins. Co. v. Com. Coverage*, 154 N.C. App. 504, 507, 572 S.E.2d 259, 262 (2002) (internal marks and citation omitted).

Here, Defendant's court-appointed counsel filed a motion to withdraw on 12 September 2022. The same day, the motion came on for hearing before Judge Allen in Forsyth County Superior Court. Judge Allen denied the motion to withdraw. On 13 September 2022, the matter came on for trial, in Forsyth County Superior Court, before Judge Warren. Upon inquiry from Judge Warren, Defendant's court-appointed counsel stated the motion to withdraw had previously been denied but Defendant wished to be heard again on the matter. After hearing arguments from all parties, Judge Warren repronounced the denial of the motion.

While the motion to withdraw, here, was both interlocutory and discretionary, Defendant did not argue there had been a substantial change in circumstances since the day before when Judge Allen denied the motion. Likewise, the record does not reflect a substantial change in circumstances.

Therefore, the trial court did not err in repronouncing the denial of the motion to withdraw.

NO ERROR.

Judge STROUD concurs by separate opinion.

Judge THOMPSON dissents by separate opinion.

No. COA23-411 – *State v. Melton*

STROUD, Judge, concurring by separate opinion.

I concur in the majority opinion except as to any citation of unpublished cases of this Court that were not argued in any brief filed in this case. I would not rely upon an unpublished opinion not argued by a party for the same reasons as in my concurring opinion in *State v. Hensley*, 254 N.C. App. 173, 802 S.E.2d 744 (2017).

THOMPSON, Judge, dissenting by separate opinion.

On appeal, defendant contends that "[t]he trial court committed structural error by denying [court-appointed defense] counsel's motion to withdraw so that [defendant] could hire the counsel of his own choosing." I agree, and for this reason, respectfully dissent.

"A structural error is one that should not be deemed harmless beyond a reasonable doubt because it affects the framework within which the trial proceeds, rather than being simply an error in the trial process itself." *State v. Goodwin*, 267 N.C. App. 437, 439, 844 S.E.2d 379, 381 (2019) (citation, internal quotation marks, and brackets omitted). "The purpose of the structural error doctrine is to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial." *Id.* (citation omitted). "The Supreme Court of the United States has repeatedly held that erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error." *Id.* at 440, 833 S.E.2d at 381 (citation and internal quotation marks omitted).

The Supreme Court of North Carolina has held that the "[S]tate should keep to a necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources" and "that desire can constitutionally be forced to yield *only when* it will result in

*significant prejudice to the defendant* or in *a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case."* *State v. McFadden*, 292 N.C. 609, 613–14, 234 S.E.2d 742, 746 (1977) (emphases added) (citation omitted) (hereinafter, *McFadden* standard). In *Goodwin*, our Court held that "when a trial court is faced with a [d]efendant's request to substitute his court-appointed counsel for the private counsel of his choosing, it may only deny that request if granting it would cause significant prejudice [to defendant] or a disruption in the orderly process of justice." 267 N.C. App. at 440, 833 S.E.2d at 381. However, "[i]t is within the trial court's discretion to decide whether allowing a defendant's request for continuance to hire the counsel of his choice would result in 'significant prejudice . . . or in a disruption of the orderly processes of justice that is unreasonable under the circumstances of the particular case." *Id.* at 441, 833 S.E.2d at 382.

Here, court-appointed defense counsel moved to withdraw at the first hearing on September 13 (first hearing) and before a different trial court judge at the second hearing on September 14 (second hearing). I will address each motion in the discussion to follow.

### a. First hearing on motion to withdraw

At the first hearing on the motion to withdraw, defendant addressed the court:

> DEFENDANT: I w[a]nt to say that I - - throughout [court-appointed defense counsel] has been a good attorney. It's just throughout Covid and all my other cases, there's been a lack of communication. The reason I want to seek new

2

counsel is [be]cause, my previous court date there's been a failure to communicate, either with the DA or with my attorney, and it allowed me to have a failure to appear, which would have imposed a $200,000 bail on me and would have jeopardized my job, my liability, and everything, all on a matter of lack of communication. With that being said, *I want to seek new counsel, if you don't mind, Your Honor*.

THE COURT: It doesn't sound like - - your client *didn't say anything about any ideological differences between y'all*. Are there?

[COURT-APPOINTED DEFENSE COUNSEL]: Your Honor - -

THE COURT: With your representation.

[COURT-APPOINTED DEFENSE COUNSEL]: From my understanding, there's an issue a bit more with some of the contents from what he had said and possibly going forward. His posture has been that he does want a trial for this case. To that, we don't disagree. But there are other circumstances that, at least from privileged communication, that I'm not sure would be appropriate to discuss in open court, given the prosecutor is - -

THE COURT: I didn't ask you to discuss them, *I just asked if there were any ideological differences between y'all*. And neither one of you have said yes to that.

[COURT-APPOINTED DEFENSE COUNSEL]: I would say there is, Your Honor.

THE COURT: And have you usually talked to another lawyer?

DEFENDANT: Yes, I talked to several. As of - - after the court date - -

3

THE COURT: That was a yes or no question.

DEFENDANT: Yes, I talked to several.

THE COURT: And have you employed another lawyer?

DEFENDANT: They won't allow me to - -

THE COURT: That's not what - - *just answer yes or no*, have you employed another lawyer?

DEFENDANT: No, sir.

THE COURT: Motion to withdraw[] is denied.

[COURT-APPOINTED DEFENSE COUNSEL]: Understood, Your Honor.

(Emphases added).

Upon careful review of the transcript from the first hearing on the denial of court-appointed defense counsel's motion to withdraw—which necessarily implicated defendant's right to counsel of choice—I would conclude that the trial court "misapprehend[ed] the law and employ[ed] the incorrect standard in resolving [d]efendant's request, [and therefore,] the trial court failed to properly exercise discretion." *Id.*

The court's initial line of questioning, whether there were "ideological differences" between defendant and court-appointed defense counsel, cannot be characterized as the trial court considering the *McFadden* standard, that is, whether the motion to withdraw "w[ould] result in significant prejudice" to defendant, or "a

4

disruption of the orderly processes of justice unreasonable under the circumstances of the particular case[,]" as is required not only by our Supreme Court's jurisprudence, but the United States Supreme Court's jurisprudence as well. *See McFadden*, 292 N.C. at 613–14, 234 S.E.2d at 746 (quoting *Powell v. Alabama*, 287 U.S. 45, 53 S. Ct. 457, 77 L. Ed. 158).

Instead, the court's line of questioning, whether "there were any ideological differences between [defendant and court-appointed defense counsel,]" was the court "treat[ing] [defendant's] request as an ineffective assistance of counsel claim, [and the court] evaluat[ed] [d]efendant's request accordingly." *Goodwin*, 267 N.C. App. at 442, 833 S.E.2d at 383. Whether there were "ideological differences[,]" goes to whether there was an "impasse" between defense counsel and defendant, or a disagreement over "tactical decisions[,]" pursuant to North Carolina's ineffective assistance of counsel jurisprudence. *See State v. Ali*, 329 N.C. 394, 404, 407 S.E.2d 183, 189 (1991) (holding that "when counsel and a fully informed criminal defendant client reach an absolute impasse as to such tactical decisions, the client's wishes must control"); *see also State v. Brown*, 339 N.C. 426, 434, 451 S.E.2d 181, 187 (1994), *cert. denied*, 516 U.S. 825, 133 L. Ed. 2d 46 (1995) (holding that "tactical decisions—such as which witnesses to call, which motions to make, and how to conduct cross-examination—normally lie within the attorney's province").

As in *Goodwin*, by employing the ineffective assistance of counsel standard in resolving defense counsel's motion to withdraw, instead of the correct *McFadden standard*, the trial court "misapprehend[ed] the law and . . . failed to properly exercise discretion." *Goodwin*, 267 N.C. App. at 441, 833 S.E.2d at 382.

The trial court's second line of questioning, whether defendant had "employed another lawyer[,]" and the court's subsequent denial of court-appointed defense counsel's motion to withdraw when defendant had failed to "employ[ ] another lawyer[,]" cannot be construed as a well-reasoned consideration of the aforementioned *McFadden* standard, because defendant *could not have employed* private counsel of choice *without* the court granting his court-appointed counsel's motion to withdraw.

Therefore, I would conclude, assuming *arguendo*, that this second line of questioning sought to evaluate whether granting the motion would result in "significant prejudice to the defendant or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case[,]" *McFadden*, 292 N.C. at 613–14, 234 S.E.2d at 746, that the trial court abused its discretion in its ruling on court-appointed defense counsel's motion to withdraw. The trial court denied the motion because defendant had failed to "employ[ ] another lawyer[,]" while failing to recognize that defendant's ability to "employ[ ] another lawyer" necessarily required that the court grant the motion. For this reason, I would conclude that the

trial court's basis for denial of the motion when applying the *McFadden* standard was so arbitrary that it could not have been the result of a reasoned decision.[1]

Therefore, at the first hearing on the motion to withdraw, at best, the trial court failed to properly exercise discretion in considering the motion to withdraw by applying the incorrect ineffective assistance of counsel standard in resolving defendant's request; at worst, the court abused its discretion by denying the motion on a basis that was manifestly unsupported by reason and could not have been the result of a reasoned decision.

By the second hearing, on 13 September 2022, the structural error had already been committed, and if I were to "affirm[ ] the trial court's denial of [d]efendant's request[,] [I] would implicitly endorse the use of an incorrect standard for the right to counsel of choice[,] [an abuse of discretion,] and a structural error that violated [d]efendant's Sixth Amendment rights." *Goodwin*, 267 N.C. App. at 441–42, 833 S.E.2d at 382–83. Again, "[t]he Supreme Court of the United States has repeatedly held that erroneous deprivation of the right to counsel of choice, with consequences

---

[1] I would also contend that the trial court did not give proper consideration of "the circumstances of the particular case" when considering whether defendant's request would result in a "disruption in the orderly processes of justice" or "significant prejudice to [ ] defendant." This was the *first time* that defendant's case had been calendared for trial; there had been no prior continuances or delays in the matter coming on for trial. Defendant's request to substitute his court-appointed counsel for the private counsel of his choosing was not a request whereby defendant sought to "weaponize his right to chosen counsel for the purpose of obstructing and delaying his trial[,]" *Goodwin*, 267 N.C. App. at 440, 833 S.E.2d at 382 (citation and internal quotation marks omitted), but one where defendant earnestly was "trying to hire an attorney[,] [A.D.,] and they wouldn't allow [defendant] [to hire] one."

that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error." *Id.* at 440, 833 S.E.2d at 381 (citation and internal quotation marks omitted). Therefore, "[I] [would] vacate the judgment and remand for a new trial." *Id.* at 442, 833 S.E.2d at 383.

### b. *Second hearing on motion to withdraw*

Finally, the majority is correct to identify that generally, "one Superior Court judge may [neither] correct another's errors of law; [nor] modify, overrule, or change the judgment of another Superior Court judge previously made in the same action[,]" *State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003), but that there exists an exception to this rule, whereby one judge is authorized to overrule another under certain circumstances. *See Crook v. KRC Mgmt. Corp.*, 206 N.C. App. 179, 189, 697 S.E.2d 449, 456 (2010). Those circumstances, as noted by the majority, occur when "the original order was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order." *Id.* (internal marks and citation omitted). The majority is also correct to note that the party seeking the modification bears the burden of showing there has since been a substantial change in circumstances, that is, "an intervention of new facts which bear upon the propriety of the previous order." *First Fin. Ins. Co. v. Com. Coverage*, 154 N.C. App. 504, 507, 572 S.E.2d 259, 262 (2002) (internal marks and citation omitted).

8

However, the majority concludes that although the motion to withdraw "was both interlocutory and discretionary, [d]efendant did not argue that there had been a substantial change in circumstances since the day before when [the trial court] denied the motion. Likewise, the record does not reflect a substantial change in circumstance." I do not agree, and write separately to address the second opportunity for the trial court to correct the structural error committed against defendant at the first hearing on the motion to withdraw.

Unlike the majority, I would contend that defendant met his burden of "introducing new facts which b[ore] upon the propriety of the previous order" and allowed the second judge to overrule the first on the motion to withdraw. At the second hearing, defendant requested that the court reconsider the motion and explained to the court that he had been in contact with a private attorney. This revelation led to the State's acknowledgment, *for the first time before the court*, that the State had *also* been in contact with—and extended a plea deal to—a private attorney who was not defendant's court-appointed attorney. The trial court being made privy to the following facts: (1) that a private attorney was prepared to represent defendant if the State would grant a continuance, (2) that the State had denied the request for a continuance, and (3) that the State had offered a plea deal to the private attorney who had been in contact with the State, was "a substantial change of circumstances since the entry of the prior order" which warranted the trial

court judge at the second hearing overruling the denial of the motion to withdraw from the first hearing.

Indeed, on 13 September 2022, the matter came on for hearing a second time before a *different* judge than the judge who had ruled on defense counsel's initial motion to withdraw. Prior to jury selection, defendant again expressed his desire to retain counsel of his choice before the court:

> DEFENDANT: I have - - the severity of my case hasn't been brought to my attention. I've been corresponding with [court-appointed defense counsel] to no avail. I have received no responses. And I have . . . reached out to other lawyers in which there was a deal that was brought on the table that [court-appointed defense counsel] never presented me with the deal. He never told me [nothing], no particulars about the case, whereas another lawyer had presented me with the deal outside of my attorney with the DA. As far as I had been led to believe the jury - - that's grounds for ineffective counsel. And I would like to let that be on the record that I [have] *been trying to hire an attorney and they wouldn't allow me one.* They wouldn't allow me to hire one.

(Emphasis added).

At this point, the State acknowledged, *for the first time before the court*, that a plea offer *had been extended to an attorney*, A.D., who was not defendant's court-appointed counsel, on 9 September 2022:

> [THE STATE]: Yes, Your Honor. First, the State would oppose this matter being re-addressed. It was addressed at the appropriate time at calendar call before the Honorable Stanley Allen.
>     . . . .

10

[A] different attorney [A.D.] reached out to me, had asked if I was willing to continue the case [un]til she could get into it. I told her no. I reached back out to her and told her that I did have an issue come up and that she'd also inquired about a potential plea. So I told her if - - based on this new information if [defendant] wants to enter this plea - - and I reduced it to writing - - then I would be willing to do that now.

THE COURT: Okay.

[THE STATE]: She responded to me within a few minutes - - and this all transpired Friday afternoon - - that [defendant] was rejecting the plea.

The court denied the motion, stating that:

[T]he issue that the [c]ourt's dealing with[,] and that is a superior court judge has already denied this motion. My understanding is one superior court judge can't overrule another. So that's where we are. . . . this was heard on Monday and denied, and *so I think my hands are tied here*. So the motion to continue is denied and the motion to withdraw as counsel is denied.

(Emphasis added).

"When a motion addressed to the discretion of the trial court is denied upon the ground that the trial court had no power to grant the motion in its discretion, the ruling is reviewable." *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999). "In addition, there is error when the trial court refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented." *Id.*

Although the trial court thought it was without authority to overrule the initial motion to withdraw, stating that "my hands are tied here[,]" it was incorrect,

11

operating under the "erroneous belief that it ha[d] no discretion as to the question presented[,]" *id.*, and thereby failed to exercise its discretion when it reconsidered the initial motion to withdraw. This failure to exercise discretion constituted error and compounded the structural error that had been committed at the first hearing on the motion to withdraw. For this reason, I would conclude that the trial court erred in failing to overrule the initial motion to withdraw, as that order was interlocutory, discretionary, and there were new facts introduced at the second hearing which bore upon the propriety of the order entered in the initial motion to withdraw.

Again, our Supreme Court has held that the "[S]tate should keep to a necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources[,]" and defendant's request to substitute counsel "can constitutionally be forced to yield *only when* it will result in *significant prejudice to the defendan*t or in *a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.*" *McFadden*, 292 N.C. at 613–14, 234 S.E.2d at 746 (emphases added). For these reasons, I respectfully dissent.